UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

SHANNA MCREE,

     Plaintiff,

vs.

CITY OF ORMOND BEACH
and JACOB RYAN CANNON,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANNA MCREE, by and through the undersigned counsel, and hereby files this Complaint for damages against the Defendants, CITY OF ORMOND BEACH and JACOB RYAN CANNON, and further alleges as follows:

## GENERAL ALLEGATIONS

1. This is a civil action for damages and other relief arising under the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments to the Unites States Constitution and 42 U.S.C. § 1983.

2. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 because those claims arise under the Constitution and laws of the United States.

3. This Court also has jurisdiction over Plaintiff's civil rights claims under 28 U.S.C. § 1343(a)(3) and (a)(4) because Plaintiff seeks to redress the deprivation, under color of state law, or rights secured by the United States Constitution and federal law.

4. This Court has supplemental jurisdiction over Plaintiff's related Florida-law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as Plaintiff's federal claims and arise from the same facts, occurrences and injuries alleged in this Complaint.

5. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because the events and omissions giving rise to Plaintiff's claims occurred in Volusia County, Florida and because Defendant City of Ormond Beach is located in this District.

6. The Orlando Division is the proper division of the Middle District of Florida because the events and omissions giving rising to Plaintiff's claims occurred in Volusia County, Florida.

7. At all times material hereto, the Plaintiff, SHANNA MCREE was a resident of Volusia County, Florida and is otherwise and is otherwise *sui juris.*

2

8. At all times material hereto, Defendant CITY OF ORMOND BEACH was and is a governmental entity organized under the laws of the State of Florida with its principal place of business in Ormond Beach, Florida.

9. At all times material hereto, Defendant JACOB RYAN CANNON was and is a resident of Palm Coast, Flagler County, Florida and was at all relevant times employed as a police officer with the ORMOND BEACH POLICE DEPARTMENT by the CITY OF ORMOND BEACH.

10. On or about December 6, 2024, Plaintiff was in the custody of the CITY OF ORMOND BEACH after JACOB RYAN CANNON arrested Plaintiff for DUI.

11. While in custody, Defendant JACOB RYAN CANNON, who was acting in the course and scope of his employment with the CITY OF ORMOND BEACH, administered a breath test to the Plaintiff. Plaintiff was seated on a chair in front of the Intoxilyzer 8000 instrument with her hands cuffed behind her back. Officer JACOB RYAN CANNON was standing.

12. While in the breath testing room, Plaintiff stood up. Plaintiff remained standing in front of the chair provided for the breath test for a few seconds. Officer JACOB RYAN CANNON became enraged, yelled "F***ing sit down, b*tch!" grabbed the Plaintiff and slammed her head downward into the top of the metal chair, the chair bounced off the wall and Plaintiff fell to the floor along with the breathalyzer. This caused injury and a serious bleeding laceration to Plaintiff's forehead. After a few moments, officers assisted

Plaintiff to her feet.  Blood was dripping onto the floor beneath her.  Officers assisted Plaintiff to the southeast holding cell (#8), as she left a trail of blood from the breath testing room to the holding cell.

13. While in southeast holding cell #8, Plaintiff walked toward Officer JACOB RYAN CANNON. Officer JACOB RYAN CANNON extended his arm outward into Plaintiff, and Plaintiff fell backwards onto the concrete bench and floor within the holding cell.  JACOB RYAN CANNON made no attempt to provide medical assistance to the injured Plaintiff.  He closed the door to the holding cell and returned to the breath testing room to assess damage to the Intoxilyzer 8000 instrument.  No one at the ORMOND BEACH POLICE DEPARTMENT made any attempt to separate Officer JACOB RYAN CANNON from Plaintiff and allowed him to continue to intimidate her causing further emotional distress.

14. Plaintiff suffered physical pain, emotional distress, permanent scarring, and incurred medical expenses as a result of these two incidents.

15. At all relevant times, Defendant JACOB RYAN CANNON was acting under color of state law as an employee of the CITY OF ORMOND BEACH.

16. The CITY OF ORMOND BEACH failed to properly train and supervise its officers regarding the appropriate use of force against individuals in custody, and the administration of medical care to injured arrestees.

17. The CITY OF ORMOND BEACH, through THE ORMOND BEACH POLICE DEPARTMENT, maintains a practice of issuing policies, training its

4

employees, and supervising employees on the appropriate use of force against arrestees.

18. The CITY OF ORMOND BEACH, through THE ORMOND BEACH POLICE DEPARTMENT, maintains a practice of issuing policies, training its employees, and supervising employees on the appropriate administration of medical care for an injured arrestee.

19. Prior to hiring JACOB RYAN CANNON, the CITY OF ORMOND BEACH had actual notice that JACOB RYAN CANNON possessed a level of dominance seen in only 6% of police officers, and it was foreseeable by the CITY OF ORMOND BEACH that his domineering approach was incompatible with public safety.

20. In addition to the CITY OF ORMOND BEACH's knowledge of JACOB RYAN CANNON's elevated level of dominance, the CITY OF ORMOND BEACH also had actual knowledge that JACOB RYAN CANNON was arrested for juvenile sexual battery and pled guilty to juvenile sexual battery.

21. After the incident, another employee of CITY OF ORMOND BEACH failed to take action to separate Officer JACOB RYAN CANNON and Plaintiff. The other employees of CITY OF ORMOND BEACH condoned Officer JACOB RYAN CANNON's actions as evidenced by their inaction and failure to immediately arrest Officer JACOB RYAN CANNON, even though the crime of assault and battery occurred directly in their presence.

22. All conditions precedent to the bringing of this lawsuit have been waived or complied with. (See attached Exhibit A).

## COUNT I - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - EXCESSIVE FORCE AGAINST CITY OF ORMOND BEACH

Paragraphs 1 – 22 are hereby incorporated herein and Plaintiff alleges further:

23. Plaintiff had a constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures, including the use of excessive force.

24. While detained in handcuffs for a DUI and in the breath testing room, Defendant JACOB RYAN CANNON grabbed and slammed Plaintiff head first into the top of the metal chair, and she fell to the floor. This caused a serious bleeding laceration to Plaintiff's forehead, permanent scarring, and emotional distress.

25. After using excessive force against Plaintiff, Defendant JACOB RYAN CANNON, escorted the bleeding and lacerated Plaintiff to southeast holding cell #8.

26. While Plaintiff was in southeast holding cell #8, Defendant JACOB RYAN CANNON extended his arm outward, striking Plaintiff, causing Plaintiff to fall backwards onto the concrete bench and floor within the holding cell, causing additional injuries and emotional distress to Plaintiff.

27. After Plaintiff fell backwards onto the floor, Defendant JACOB RYAN CANNON left her on her back while bleeding profusely from her face and did

not attempt to render any medical assistance. No other officers or employees made reasonable attempts to render aid to Plaintiff thereby condoning Officer JACOB RYAN CANNON's behavior.

28. The force used against Plaintiff, both in the breath testing room, and in holding cell #8 was objectively unreasonable under the circumstances, as Plaintiff posed no immediate threat to the safety of the officer or others while already in custody.

29. Defendant JACOB RYAN CANNON acted under color of state law as a police officer employed by the CITY OF ORMOND BEACH.

30. The CITY OF ORMOND BEACH was deliberately indifferent to the risk of constitutional violations being committed by Defendant JACOB RYAN CANNON.

31. This deliberate indifference is evidenced by the fact that Defendant CITY OF ORMOND BEACH employed Defendant JACOB RYAN CANNON in light of the CITY's knowledge of Cannon's prior arrest and guilty plea to sexual battery, and his increased dominance score.

32. As a direct and proximate result of Defendants' actions, the Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, inconvenience, and aggravation of a previously existing condition and a violation of Plaintiff's rights as guaranteed by the

U.S. Constitution, Federal and Florida Law. Such losses are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant CITY OF ORMOND BEACH, including costs of this litigation and attorney's fees in accordance with 42 U.S.C. § 1983 and whatever further and additional relief is allowed in law or equity. Plaintiff demands judgment for reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT II - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 FAILURE TO TRAIN/SUPERVISE AGAINST DEFENDANT CITY OF ORMOND BEACH

Paragraphs 1 – 22 are hereby incorporated herein and Plaintiff alleges further:

33. Defendant CITY OF ORMOND BEACH had a duty to adequately train and supervise its officers regarding the appropriate use of force against individuals in custody.

34. Defendant CITY OF ORMOND BEACH failed to adequately train and supervise its officers, including Defendant JACOB RYAN CANNON, regarding the appropriate use of force against individuals in custody.

35. Defendant CITY OF ORMOND BEACH failed to adequately train and supervise its officers, including Defendant JACOB RYAN CANNON, regarding the application of medical care to an injured arrestee.

8

36. Defendant CITY OF ORMOND BEACH failed to implement proper training programs to instruct officers on the constitutional limitations on the use of force against arrestees.

37. Defendant CITY OF ORMOND BEACH was deliberately indifferent to the constitutional rights of individuals with whom its officers come into contact, including Plaintiff.

38. The CITY OF ORMOND BEACH was deliberately indifferent to the fact that Defendant JACOB RYAN CANNON's prior sexual battery arrest, guilty plea, and his increased dominance score required additional training and supervision in order to protect against the risk he posed towards the application of excessive force.

39. Defendant CITY OF ORMOND BEACH knew or should have known that its failure to properly train and supervise its officers created a substantial risk of constitutional violations.

40. The failure to train and supervise was the moving force behind the constitutional violation and directly caused Plaintiff's injuries.

41. As a direct and proximate result of Defendant's failure to train and supervise officer CANNON and the other officer's present when the assault and battery occurred, the Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, inconvenience,

9

and aggravation of a previously existing condition and a violation of Plaintiff's rights as guaranteed by the U.S. Constitution, Federal and Florida Law. Such losses are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant CITY OF ORMOND BEACH, including costs of this litigation and attorney's fees in accordance with 42 U.S.C. § 1983 and whatever further and additional relief is allowed in law or equity. Plaintiff demands judgment for reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT III - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - EXCESSIVE FORCE AGAINST DEFENDANT JACOB RYAN CANNON

Paragraphs 1 – 22; are hereby incorporated herein and Plaintiff alleges further:

42. Plaintiff had a constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures, including the use of excessive force.

43. While Plaintiff was detained in handcuffs for a DUI and in the breath testing room, Defendant JACOB RYAN CANNON grabbed and slammed Plaintiff head first into the top of the metal chair, and she fell to the floor. This caused a serious bleeding laceration to Plaintiff's forehead, permanent scarring, and emotional distress.

44. While Plaintiff was in southeast holding cell #8, Defendant JACOB RYAN CANNON extended his arm outward, striking Plaintiff, causing Plaintiff to fall backwards onto the concrete bench and floor within the holding cell, causing additional injuries and emotional distress to Plaintiff.

45. The force used against Plaintiff, both in the breath testing room, and in holding cell #8 was objectively unreasonable under the circumstances, as Plaintiff posed no immediate threat to the safety of the officer or others while already in custody.

46. As a direct and proximate result of Defendants' actions, the Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, inconvenience, and aggravation of a previously existing condition and a violation of Plaintiff's rights as guaranteed by the U.S. Constitution, Federal and Florida Law. Such losses are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant JACOB RYAN CANNON, including costs of this litigation and attorney's fees in accordance with 42 U.S.C. § 1983 and whatever further and additional relief is allowed in law or equity. Plaintiff demands judgment for reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT IV - ASSAULT AGAINST DEFENDANT JACOB RYAN CANNON

Paragraphs 1 – 22 are hereby incorporated herein and Plaintiff alleges further:

47. Defendant JACOB RYAN CANNON intentionally and unlawfully threatened Plaintiff with bodily harm, when he became enraged, yelled "F***ing sit down, bitch!" and grabbed the Plaintiff.

48. Defendant JACOB RYAN CANNON approached Plaintiff in a threatening manner.

49. Defendant JACOB RYAN CANNON had the apparent ability to carry out the threat.

50. Defendant JACOB RYAN CANNON was physically present and had the physical capability to slam Plaintiff's head into the top of metal chair.

51. Defendant JACOB RYAN CANNON 's actions created a well-founded fear of imminent peril in Plaintiff.

52. Plaintiff reasonably feared for her physical safety when Defendant JACOB RYAN CANNON approached her in a threatening manner.

53. As a direct and proximate result of Defendant's assault and battery, the Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, inconvenience, and aggravation of a previously existing condition and a violation of Plaintiff's rights as guaranteed by the U.S. Constitution, Federal and Florida Law. Such losses

are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant JACOB RYAN CANNON, including costs of this litigation and whatever further and additional relief is allowed in law or equity.

## COUNT V - BATTERY AGAINST DEFENDANT JACOB RYAN CANNON

Paragraphs 1 – 22 are hereby incorporated herein and Plaintiff alleges further:

54. Defendant JACOB RYAN CANNON intentionally made harmful or offensive contact with Plaintiff.

55. Defendant JACOB RYAN CANNON intentionally slammed Plaintiff head first into the top of the metal chair, caused a serious bleeding laceration to Plaintiff's forehead and caused her to fall to the floor.

56. Defendant JACOB RYAN CANNON intentionally extended his arm outward striking Plaintiff, causing Plaintiff to fall backwards onto the concrete bench and floor within the holding cell, causing additional injuries to Plaintiff.

57. The contact was made without Plaintiff's consent or any legal justification.

58. Plaintiff did not consent to being slammed head first into the top of the metal chair, falling to the floor, and there was no legal justification for using such force against her while she was in custody.

59. Plaintiff did not consent to being struck by Defendant's arm, falling backwards onto the concrete bench and floor, and there was no legal justification for using such force against her while she was in custody.

60. As a direct and proximate result of Defendant's assault and battery, the Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, inconvenience, and aggravation of a previously existing condition and a violation of Plaintiff's rights as guaranteed by the U.S. Constitution, Federal and Florida Law. Such losses are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant JACOB RYAN CANNON, including costs of this litigation and whatever further and additional relief is allowed in law or equity.

## COUNT VI – NEGLIGENCE AGAINST DEFENDANT CITY OF ORMOND BEACH

Paragraphs 1 – 22 are hereby incorporated herein and Plaintiff alleges further:

61. Defendant CITY OF ORMOND BEACH owed Plaintiff a duty of care.

62. As custodians of Plaintiff while she was in custody, Defendant CITY OF ORMOND BEACH had a duty to exercise reasonable care for her safety and well-being.

14

63. Defendant breached its duty of care.

64. Defendant CITY OF ORMOND BEACH breached this duty by failing to properly train and supervise its officers regarding the appropriate use of force against individuals in custody.

65. Defendant's breach of duty was the actual and proximate cause of Plaintiff's injuries.

66. Plaintiff's head injury and other injuries were a direct and foreseeable result of Defendant's breach of duty.

67. Plaintiff suffered damages as a result of Defendant's negligence.

68. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, inconvenience, and aggravation of a previously existing condition. Such losses are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant CITY OF ORMOND BEACH, including costs of this litigation and whatever further and additional relief is allowed in law or equity.

## COUNT VII – NEGLIGENCE AGAINST DEFENDANT JACOB RYAN CANNON

Paragraphs 1 – 22 are hereby incorporated herein and Plaintiff alleges further:

15

69. Defendant JACOB RYAN CANNON owed Plaintiff a duty of care.

70. As custodian of Plaintiff while she was in custody, Defendant JACOB RYAN CANNON had a duty to exercise reasonable care for her safety and well-being.

71. Defendant breached his duty of care.

72. Defendant JACOB RYAN CANNON breached this duty by using excessive force against Plaintiff, slamming her head face first into the top of the metal chair, caused a serious bleeding laceration to Plaintiff's forehead and caused her to fall to the floor.

73. Defendant JACOB RYAN CANNON breached this duty by using excessive force against Plaintiff, extended his arm outward striking Plaintiff, causing Plaintiff to fall backwards onto the concrete bench and floor within the holding cell, causing additional injuries to Plaintiff.

74. Defendant's breach of duty was the actual and proximate cause of Plaintiff's injuries.

75. Plaintiff's head injury and other injuries were a direct and foreseeable result of Defendant's breach of duty.

76. Plaintiff suffered damages as a result of Defendant's negligence.

77. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss

16

of the ability to earn money, inconvenience, and aggravation of a previously existing condition. Such losses are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant JACOB RYAN CANNON, including costs of this litigation and whatever further and additional relief is allowed in law or equity.

## COUNT VIII - VICARIOUS LIABILITY AGAINST DEFENDANT CITY OF ORMOND BEACH

Paragraphs 1 – 22 are hereby incorporated herein and Plaintiff alleges further:

78. An employer-employee relationship existed between the CITY OF ORMOND BEACH and JACOB RYAN CANNON.

79. Defendant JACOB RYAN CANNON was employed as a police officer by the CITY OF ORMOND BEACH at the time of the incident.

80. Defendant JACOB RYAN CANNON was acting within the scope of employment.

81. Defendant JACOB RYAN CANNON was on duty and performing official duties as a police officer when the incident occurred.

82. Defendant JACOB RYAN CANNON 's actions caused injury to Plaintiff.

83. Defendant JACOB RYAN CANNON slammed her head face first into the top of the metal chair, caused a serious bleeding laceration to Plaintiff's forehead and caused her to fall to the floor.

17

84. Defendant JACOB RYAN CANNON extended his arm outward striking Plaintiff, causing Plaintiff to fall backwards onto the concrete bench and floor within the holding cell, causing additional injuries to Plaintiff.

85. Under the doctrine of respondeat superior, the CITY OF ORMOND BEACH is vicariously liable for the tortious actions of its employee committed within the scope of employment.

86. As a direct and proximate result of the actions of Defendant JACOB RYAN CANNON, for which defendant CITY OF ORMOND BEACH is vicariously liable, the Plaintiff suffered bodily injury, resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, inconvenience, and aggravation of a previously existing condition. Such losses are either permanent or continuing in nature, and the Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff hereby demands a judgment for damages be entered in her favor and against Defendant CITY OF ORMOND BEACH, including costs of this litigation and whatever further and additional relief is allowed in law or equity.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE.**

ROB COOK ATTORNEY AT LAW, P.A.
Attorneys for Plaintiff
904 Anastasia Boulevard
Saint Augustine, Florida 32080
Ph (904) 471-4560 | Fx (904) 471-4561

    /s/   Rob  T. Cook
Rob T. Cook, Esq.
Florida Bar No. 542911
E-service: rcook@robcookpa.com,
eservice@robcookpa.com